UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT JACKLEY,  Civil No. 07-1452 JRT/JJG

        Petitioner,

v.  **REPORT AND RECOMMENDATION**

ALBERTO R. GONZALES,
Attorney General,

        Respondent.

_____

JEANNE J. GRAHAM, United States Magistrate Judge.

The above-entitled matter is before the Court on Petitioner Robert Jackley's Petition for Writ of Habeas Corpus (Docket No. 1) pursuant to 28 U.S.C. ' 2241. The case has been referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. ' 636 and D. Minn. LR 72.1. Petitioner appears pro se. Respondent is represented by Lonnie F. Bryan, Assistant United States Attorney. Based upon review of the file, record, and proceedings herein, and for the reasons stated below, the undersigned recommends that Robert Jackley's Petition for Writ of Habeas Corpus be dismissed as moot.

**I.    BACKGROUND**

Petitioner, Robert Jackley, is a native and citizen of Liberia. (Administrative Record ("R.") at 5 (Docket No. 11)). He entered the United States as a non-immigrant visitor on or about September 4, 1986, and was authorized to stay in the country until March 12, 1987. (R. at 5, 29). On May 1, 1990, Mr. Jackley was arrested by Immigration Officials. (R. at 37). Mr. Jackley

was released on $3,500.00 bond. (R. at 37). After several intervening events, a hearing was rescheduled on Mr. Jackley's case for December 12, 2000, and Mr. Jackley admitted the allegations and conceded the charge of removal. (R. at 6). Mr. Jackley's order of removal became final on November 30, 2005. He failed to voluntarily depart; therefore, a warrant of removal was issued against him on April 27, 2006. (R. at 27). Mr. Jackley was arrested in Chisholm, Minnesota on July 12, 2006, and was detained pursuant to the warrant. (R. at 29-30, 37).

## II.    DISCUSSION

Mr. Jackley filed the present Petition for Writ of Habeas Corpus on March 8, 2007. He alleges he should be released because there is no likelihood of removal in the reasonably foreseeable future because the Liberian government refused to grant a travel document for the same political reasons that he applied for asylum eighteen years ago. (Ground One, Petition for Writ of Habeas Corpus). However, Respondent has now indicated that Petitioner was released from custody on March 12, 2008 on an Order of Supervision. (Docket No. 17). Respondent argues that the Petition for Writ of Habeas Corpus is moot because Petitioner is no longer confined.

Petitioner, through the present Petition for Writ of Habeas Corpus, seeks his release from custody. He has subsequently been released. Therefore, prudential concerns militate against the use of judicial power, and the petition should be dismissed as moot. See Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir.

2005) (finding "prudential" as opposed to "Article III" mootness where habeas petitioner was released from custody prior to decision on the habeas petition).

### III.     RECOMMENDATION

Based upon review of the file, record, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Robert Jackley's Petition for Writ of Habeas Corpus (Docket No. 1) be DISMISSED AS MOOT.


DATED:  April 3, 2008                    s/ *Jeanne J. Graham*
                                                                      JEANNE J. GRAHAM
                                                                       United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 17, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words.  A district judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.